## Armond v. Commonwealth.

(Decided March 6, 1925.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Homicide—Evidence Held to Sustain Conviction.—In prosecution for murder, evidence held to sustain conviction.
2. Criminal Law—Defendant's Case was Without a Theory to Present to Jury, where Not Admitting Shooting.—In murder prosecution, in which defendant did not admit the shooting, he had no theory of case which court was required to present to jury.

T. J. HOWE and J. W. STERNBERG for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Appellant asks for the reversal of a sentence of death imposed upon him for the murder of A. K. Witten, committed in Louisville, Ky., on Saturday, March 1st, 1924.

According to his own evidence the appellant Harry Armond, George Murphy (*alias* Waterhead) and Leo Hoister, who is referred to in this record as "Lightning," had planned to rob Witten. About 8:30 on the evening of that day they armed themselves, and started out upon their undertaking. Witten was an insurance agent engaged in that branch of the business known as "industrial insurance." He collected from his patrons weekly and was known to have large sums of money upon Saturday night. He was accustomed to display these sums and a lot of showy jewelry and thereby perhaps invited his untimely end. Appellant and his associates were watching for Witten; their plans to rob him were then about a week old, and they saw him and followed him as he walked along the east side of 10th street, going north from Walnut street to Cedar street. About half way between these two streets there is an alley and it was at the mouth of this alley they proposed to accomplish their purpose. "Waterhead" seems to have been director of operations. Appellant, at "Waterhead's" direction, was trying to get in front of Witten to act as "lookout man." Waterhead was to be in the rear and to the right of Witten, and "Lightning" was, as appellant says, to do the job. As they reached this alley "Waterhead" gave the word to close in on him and "Lightning" was either doing so or preparing therefor when Witten turned on appellant and shot him in the groin. Appellant says he drew his pistol to defend himself, and does not remember anything more until he waked up in the hospital. He says he does not know whether he shot Witten or not, but his convenient period of unconsciousness does not impress any one, as other witnesses testify that he shot three times at Witten, one shot passing through his heart and from which Witten died. Appellant was arrested within two minutes as he fled from the scene with his pistol in his hand. He says he recognized the officer who halted him and he dropped his pistol at the officer's command. This pistol, which appellant says was fully loaded when they started out, had three empty chambers then, and one of the balls cut out of the dead body of Witten fitted this pistol.

The appellant's own evidence is enough to convict him, and the case against him established by the other witnesses is overwhelming. As he does not admit the shooting he had no theory of the case to present to the jury. See Gibson v. Commonwealth, 204 Ky. 748, 265 S. W. 339. However, the court by instruction 7 presented the theory of self-defense, and by instruction 8 told the jury that self-defense was not available to the defendant if he brought on the difficulty and made the peril for himself by attacking Witten with the intent to rob him.

There is no error in the record. The judgment is affirmed. The whole court sitting.